**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4188

BRENDA S. BEDNORZ,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-96-707)

Submitted: August 19, 1997

Decided: September 3, 1997

Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brenda S. Bednorz pleaded guilty to knowingly making and possessing forged securities with intent to deceive another in violation of 18 U.S.C. §§ 2, 513 (1994). The court sentenced Bednorz to imprisonment for twelve months and one day, followed by supervised release for three years. Bednorz appeals her conviction and sentence. Bednorz's attorney filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Bednorz's guilty plea and whether the court erred in failing to depart from the guidelines when sentencing her. Counsel asserts that there are no meritorious grounds for appeal. Bednorz was informed of her right to file a pro se supplemental brief, which she failed to file. We affirm.

Bednorz contends that the district court improperly conducted the Rule 11 hearing in accepting her guilty plea. In reviewing the adequacy of compliance with Rule 11, this court accords great deference to the trial court's decision as to how best to conduct the colloquy with the defendant. <u>See United States v. DeFusco</u>, 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harmless error standard. <u>See DeFusco</u>, 949 F.2d at 117. This court may vacate a conviction resulting from a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. <u>See id.</u>

A review of the record discloses that the district court conducted a clear and thorough hearing, insuring that Bednorz understood the rights that she would forego by pleading guilty, the elements of the charge to which she was pleading guilty, the penalties she faced, the effect of supervised release, the impact of the sentencing guidelines, and the effect of the plea agreement. Further, the court ascertained that Bednorz's plea was voluntary and that a factual basis existed for her plea.* We find that the district court fully complied with Rule 11

_____

*Bednorz, who was an office manager and bookkeeper for a real estate agency, forged company checks to herself and others, embezzling approximately $13,000.

2

and that this claim is without merit. See DeFusco, 949 F.2d at 116-17. Further, we determine that because Bednorz's substantial rights were not in any way compromised, any alleged error during the Rule 11 colloquy was harmless. See id.

Bednorz also contends that the district court erred in refusing to grant a downward departure based on her extraordinary family responsibilities or based on the extraordinary combination of circumstances in her case that were not otherwise taken into account in the sentencing guidelines. Bednorz's counsel argued for a departure on this basis at sentencing, and the court denied the request, finding that Bednorz did not demonstrate sufficient justification. See generally United States v. Bell, 974 F.2d 537, 538-39 (4th Cir. 1992) (holding that negative effect of parent's incarceration on child does not justify downward departure). The court sentenced Bednorz at the low end of the appropriate range under the guidelines.

The denial of a request for a downward departure is reviewable only if the district court mistakenly believed that it lacked the authority to depart. See United States v. Underwood , 970 F.2d 1336, 1338 (4th Cir. 1992). The record reflects that the district court was aware of its authority to depart but chose not to depart after considering the statements of Bednorz and counsel for both parties. Therefore, Bednorz's sentence, which fell within the guidelines range, is not reviewable. See Underwood, 970 F.2d at 1338.

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. Accordingly, Bednorz's convictions and sentence are affirmed. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3